IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael A. Lee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C/A No. 9:06-1947-MBS-GCK |
| ) | |
| Lorenzo Guavara, Assistant Health ) | |
| Services Administrator, ) | **OPINION AND ORDER** |
| P.A. Hamme, Physicians Assistant, ) | |
| P.A. Faytong, Physicians Assistant, ) | |
| Amy Williams, X-Ray technician, ) | |
| United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Michael A. Lee is a federal inmate in the custody of the Bureau of Prisons. At the time of the underlying allegations, he was housed at the Federal Correctional Institution in Edgefield, South Carolina. ("FCI-Edgefield.") Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), alleging Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights by failing to provide adequate and standard medical care for injuries resulting from a football accident on October 9, 2004, at FCI-Edgefield. He also asserts a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA.")

On January 16, 2007, Defendants filed a motion for summary judgment. By order filed January 18, 2007, pursuant to Roseboro v. Garrison, 538 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on March 28, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge issued a Report and Recommendation on April 23, 2007, in which he recommended that Defendants' motion for summary judgment be granted. Plaintiff filed his objections to the Report and Recommendation on May 1, 2007. ("Plaintiff's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Matthews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

FACTS

The facts are set forth in detail in the Report and Recommendation. Briefly, on October 9, 2004, the Plaintiff injured his right foot while playing football at FCI-Edgefield. The Plaintiff went to medical services and was seen that day by Defendants Faytong and Hamme. Defendant Faytong took an x-ray of Plaintiff's foot, reviewed it and determined that there was no fracture in Plaintiff's right foot. Defendant Hamme also reviewed the x-ray and determined there was no fracture. Defendants Faytong and Hamme placed Plaintiff's foot in an open splint, provided Plaintiff with

aspirin and crutches, and sent him back to his dorm. On October 12, 2004, Defendant Williams took an x-ray of Plaintiff's foot without removing the open splint. Both the x-ray taken on October 9, 2004 and the one taken on October 12, 2004 were sent to a contract radiologist for further review. On November 9, 2004, the results of these x-rays were received. The contract radiologist noted that Plaintiff sustained a fracture to his 2d metatarsal in his right foot.

On November 16, 2004, Plaintiff returned to medical services for follow-up relating to his right foot. A repeat x-ray was ordered and Plaintiff was given prescription medication and a 3 day convalescence. On December 2, 2004, the report for this x-ray was received, which stated that there was no evidence of recent fracture or other significant bony abnormality. Between November 16, 2004 and September 2006, the Plaintiff was seen by medical services at FCI-Edgefield and at Federal Correctional Institution at Bennettsville (where he was transferred to on August 25, 2005) more than 24 times. Some of these visits were related to pain he experienced in his right foot and others were related to injuries he sustained through playing sports. During this period, repeat x-rays of Plaintiff's right foot were ordered several times; Plaintiff was given medical authorization to wear soft shoes on several occasions; Plaintiff was prescribed drugs for his pain on several occasions; and he was given an extra depth shoe and an orthotic to post his heel to neutral.

The Magistrate Judge recommended that this matter be dismissed because Defendant Faytong, as a commissioned officer of the United States Public Health Service, is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a); Plaintiff failed to submit evidence sufficient to create a genuine issue regarding whether Defendants Hamme, Williams and Guevara were deliberately indifferent to his serious medical needs, in order to establish a violation of his constitutional rights; Defendants Hamme, Williams and Guevara are entitled to qualified immunity; and Plaintiff failed

3

to show a deviation from the standard of care for his claim against the United States, for medical malpractice, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. After considering Plaintiff's objections, the court concurs in the recommendation of the Magistrate Judge and grants Defendants' motion for summary judgment.

## DISCUSSION

The court has reviewed Plaintiff's objections to the Report and Recommendation. Several objections raised by Plaintiff are general objections to which the court need not respond. See Orpiano, 687 F.2d at 47-48. Plaintiff's specific objections are discussed in turn.

Plaintiff objects to the Magistrate Judge's denial of his motion to appoint counsel and his motion for extension of time to obtain an affidavit made pursuant to Federal Rule of Civil Procedure 56(f). The court may reconsider any pretrial matter decided by a Magistrate Judge, when there is a showing that such order is clearly erroneous or contrary to law. 28 U.S.C. § 686(b)(1)(A). In this case, Defendants filed a motion for summary judgment on January 16, 2007. On January 18, 2007, an order pursuant to Roseboro v. Garrison, 538 F.2d 309 (4th Cir. 1975) was issued, directing Plaintiff to respond within 34 days. On January 24, 2007, the Plaintiff moved for appointment of counsel, an extension of time to obtain an affidavit and to compel the production of certain missing pages from the Defendants' motion for summary judgment. On March 9, 2007, the Magistrate Judge issued an order addressing Plaintiff's January 24, 2007 filing.

With respect to Plaintiff's motion to appoint counsel, the Magistrate Judge correctly stated that while a court has discretion to appoint counsel for an indigent in a civil action, that appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). After reviewing the pleadings in this case, the Magistrate Judge determined that this case did not

4

involve any unusual circumstances to justify appointment of counsel and that Plaintiff would not be denied due process if counsel was not appointed. As such, the Magistrate Judge's decision was not clearly erroneous or contrary to law.

As to Plaintiff's motion for an extension of time, the Magistrate Judge did not specifically address this motion. However, on March 9, 2007, in the same order addressing other motions made by Plaintiff in his January 24, 2007 filing, the Magistrate Judge ordered the Plaintiff to respond to Defendants' motion for summary judgment by March 29, 2007. Plaintiff's response to Defendants' motion for summary judgment was originally due on February 26, 2007. The Magistrate Judge's order gave Plaintiff an extension of a little over 30 days to respond to Defendants' motion for summary judgment. Moreover, in order to succeed on a motion made pursuant to Rule 56(f), the movant must show more than the "mere hope that something might turn up in further discovery." General Trucking Corp. v. Westmoreland Coal Co., 1992 WL 344770, *7 (4th Cir. Nov. 23, 1992)(quoting Goodell v. Rehrig Int'l Inc., 683 F. Supp. 1051, 1054 (E.D. Va. 1988)). Plaintiff made no showing that he actually could obtain the affidavit he was seeking, and in fact he stated he did not know the proposed affiant's address. (See Plaintiff's Motion filed on January 24, 2007 at 7 (Entry 26).) As such, the Magistrate Judge's ruling was not clearly erroneous. For these reasons, Plaintiff's objections regarding the Magistrate Judge's ruling on these two pretrial issues is without merit.

Plaintiff next objects to the Magistrate Judge's determination that Defendants Hamme, Williams and Guevara are entitled to qualified immunity. Plaintiff contends that the Magistrate Judge misconstrued his claims and did not analyze his claims under both the FTCA for negligence and the Constitution. He contends that he "has two theories of liability . . . . Because these are two

5

separate theories, the Court under its qualified immunity analysis . . . uses the plaintiff's claims against the defendant's under FTCA's negligence theory to dismiss the Bivens action." (Plaintiff's Objections at 5-6.)  The court disagrees.

Although the claims Plaintiff brought under both the FTCA and Bivens arise out of the same factual circumstances – Defendants' alleged failure to provide adequate medical care for the injury Plaintiff sustained to his right foot following a football accident at FCI-Edgefield on October 9, 2004 – the Magistrate Judge properly analyzed both claims.  As to the Bivens claim, the Magistrate Judge found that after a review of the record in this case, the Plaintiff failed to establish a genuine issue regarding whether Defendants were deliberately indifferent to his medical needs.  As to the FTCA claim, the Magistrate Judge found that the Plaintiff failed to show a deviation from the standard of care for his claim for medical malpractice.  Thus, contrary to Plaintiff's assertion, the Magistrate Judge did not misconstrue his complaint.

Moreover, with respect to qualified immunity, the Magistrate Judge properly determined that no constitutional deprivation occurred because there is no evidence of deliberate indifference.  As the Magistrate Judge noted, when a court evaluates a claim of qualified immunity, the court must conduct a two step analysis.  First, the court must determine whether deprivation of an actual constitutional right has been alleged at all.  If so, then it must next determine whether the constitutional right was clearly established at the time of the alleged violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999).  The Magistrate Judge undertook this analysis and based on the facts taken in a light most favorable to the Plaintiff, found that Plaintiff failed to establish any violation of his constitutional rights. (Report and Recommendation at 25-26.)  Additionally, the Magistrate Judge

correctly noted that a mere negligence or medical malpractice claim is not cognizable under Bivens. Plaintiff's objection is without merit.

Plaintiff also objects to the Magistrate Judge's discussion regarding sovereign immunity. As the Magistrate Judge properly noted, the United States has waived sovereign immunity only for purposes of the FTCA. The Bivens action is cognizable against only Defendants Hamme, Williams and Guevara, in their individual capacities. See Funches v. Wright, 1986 WL 17980, *1 (4th Cir. Nov. 6, 1986); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991).

Finally, the Plaintiff contests the Magistrate Judge's finding that Plaintiff's request for damages based on mental or emotional stress was brought without alleging a prior physical injury. Plaintiff contends that he stated a prior physical injury because he "saw the doctor before bringing this action to court." (Plaintiff's Objections at 7.) 28 U.S.C. § 1997e(e) states that a prisoner may not bring any federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). 42 U.S.C. § 1997e(e) applies to any Federal civil actions, including both actions brought to seek relief from violations of a prisoner's constitutional rights and those brought to address non-constitutional torts committed by federal actors. See Cassidy v. Indiana Dept. of Corrections, 199 F.3d 374, 376 (7th Cir. 2000). A purpose of this statutory provision is to limit the recovery that individuals who are imprisoned may receive. See Alexander S. v. Boyd, 113 F.3d 1373, 1381 (4th Cir. 1997); Meade v. Plummer, 344 F. Supp. 2d 569, 572 (E.D. Mich. 2004)(finding from the plain language of § 1997e(e) that its purpose is to limit type of damages prisoners can recover). Regardless of whether Plaintiff can show the requisite physical injury to recover damages for mental and emotional injury, Plaintiff has failed to show that Defendants have violated his constitutional rights or have acted in a tortious manner towards him,

7

for the reasons explained in the Report and Recommendation. As such, Plaintiff's claims for damages fail under either <u>Bivens</u> or the FTCA.

## CONCLUSION

After thorough review of the Magistrate Judge's Report and Recommendation, the Plaintiff's Objections, the record in its entirety and the applicable law, the court concurs with the reasoning and findings of the Magistrate Judge's Report and Recommendation. Accordingly, Defendants' motion for summary judgment is **granted** and Plaintiff's claims are dismissed.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              Margaret B. Seymour
                                              United States District Judge

Columbia, South Carolina
September 24, 2007.

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**